PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 4:14-CR-64 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| DEANGELO YOUNG, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** |
| ) | [Resolving ECF Nos. 17; 23] |

**I. Background**

Defendant has been indicted for: possession of a controlled substance with the purpose of distribution (Count 1); felony possession of firearms (Count 2); and unlawful possession of a firearm (Count 3). ECF No. 17 at 6. At trial, the Government seeks to introduce evidence of Defendant's past arrests and convictions for possession of narcotics and firearms admissible as evidence of the charged conduct. *See* ECF No. 17. Defendant, to the contrary, requests that the Court prevent the Government from presenting any evidence regarding his past arrests and convictions. *See* ECF No. 23.

Specifically, the Government seeks to introduce evidence of Defendant's pleas of guilty for the possession of firearms and narcotics found at the same residence on on E. Chalmers as the conduct charged in the instant case. ECF No. 17 at 8. This, the government argues, is necessary to

(4:14-CR-64)

prove "control of the property [from which the narcotics and firearms were seized], [Defendant's] knowledge about the activities at the house, and the absence of any mistake[.] *Id.* The Government asserts that knowledge is an essential element of the counts charged and must be proven. Defendant acknowledges that it is the Government's burden to prove that Defendant "knowingly or intentionally maintained the premises for the purpose of selling drugs," and that Defendant "[k]nowingly possessed firearms." ECF No. 23 at 3; ECF No.26 at 1.

## II. Law

Fed. R. Evid. 404(b) prohibits admission of evidence of past crimes to prove that a defendant acted in a similar manner on a separate occasion or has a propensity for such an act. Such evidence, however, may be admitted for the purpose of proving other elements such as motive, knowledge, intent, or absence of mistake. Fed. R. Evid. 404(b).

In determining the admissibility of past crimes under Fed. R. Evid. 404(b), the court considers three factors: (1) whether there is sufficient evidence that the act(s) occurred; (2) whether the other act(s) is admissible for one of the proper purposes under the rule; and (3) whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011).

## III. Ruling

The Government argues that Defendant pleaded guilty to the past acts that the Government seeks to introduce. ECF No. 17 at 8. Defendant does not dispute this. Therefore, the Court finds sufficient evidence to prove that the past act actually took place, satisfying the first element. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008).

2

(4:14-CR-64)

Regarding the second element, the government seeks to introduce the prior convictions to establish knowledge and absence of mistake. ECF No. 17 at 8. Both are proper purposes under Fed. R. Evid. 404(b). Knowledge is also an element of the charges at issue. ECF No.26 at 1. Prior convictions proving such an element are properly admitted if the element is at issue. *United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996) (reasoning "the district court must determine whether the identified purpose is 'material'; that is, whether it is 'in issue' in the case"). Because the first two factors are satisfied, the question turns on whether the probative value of the past convictions outweighs the danger of unfair prejudice.

The Court finds the Sixth Circuit's ruling in *United States v. Sims*, 708 F.3d 832 (6th Cir. 2013), instructive. In that case, the defendant was facing trial on charges that he possessed child pornography and that he attempted to produce child pornography. Four days before trial, however, the defendant pleaded guilty to the possession counts. *Id*. at 834. Only the attempted-production counts remained for trial; and immediately after the court accepted the defendant's guilty plea to the possession charges, the government moved for leave to introduce defendant's plea admissions at trial as evidence of his intent to create child pornography. *Id.* Defendant objected, arguing that his plea admissions were both irrelevant and prejudicial. *Id.* The district court entered an order excluding evidence of the defendant's possession of child pornography from his attempted-production trial, ruling that the defendant's statements were inadmissible because they were more prejudicial than probative based upon the elements of the charged offense. *Id.*

The government sought an interlocutory appeal. Finding that evidence of a prior conviction for possession of child pornography was more probative that prejudicial, *Id*. at 833, 835, the Sixth

3

(4:14-CR-64)

Circuit vacated the district court's decision excluding all evidence related to the defendant's possession of child pornography, and remanded the case for further proceedings. *Id.* In *Sims*, the "pivotal issue" for counts to be resolved at trial was the intent of the defendant. *Id.* at 835. Similarly, here, the charges to be resolved at trial hinge on Defendant's knowledge of what was happening at the E. Chalmer's residence. Knowledge is a pivotal issue to the case at bar. The third factor of the 404(b) analysis is established.

Next, the Court undertakes a Rule 403 analysis. *See* Fed. R. Evid. 403. Under Rule 403, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]" Thus, before excluding evidence under Rule 403, a "district court must weigh the proper probative value of the evidence against, among other things, its unfairly prejudicial effect." *United States v. Parkes*, 668 F.3d 295, 305 (6th Cir. 2012).

In weighing the probative value of the evidence of Defendant's past conduct against the danger of unfair prejudicial effect, the Court concludes the probative value of Defendant's past convictions are not substantially outweighed by any prejudicial effect. *Sims*, 708 F.3d at 836. The evidence the Government seeks to introduce is directly probative of both Defendant's knowledge that the E. Chalmers residence was used for narcotic sales and Defendant's knowledge of the firearms that he is accused of possessing. "[E]vidence that undermines one's defense by virtue of its 'legitimate probative force' does not unfairly prejudice the defendant." *United States v. Censke*, 449 F. App'x 456, 467 (6th Cir. 2011) (quoting *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988)).

4

(4:14-CR-64)

For the reasons given, the Government is permitted to introduce evidence of Defendant's past arrests and convictions for possession of narcotics and firearms relative to E. Chalmers at trial.

IT IS SO ORDERED.

| | |
|---|---|
|     June 3, 2014 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |