PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO. 4:14CR064 |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEANGELO YOUNG, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **ON SENTENCING** |

## I. Introduction

A jury convicted Defendant Deangelo Young of Maintaining a Drug-Involved Premises in violation of 21 U.S.C. § 856(a)(1) and (b) and 18 U.S.C. § 2 (Count One).[1] ECF No. 38 at PageID #: 269, 272. A term of incarceration of 20 years or up to 240 months is permitted by statute. 21 U.S.C. § 856(b). Below, the Court further explains the bases for the 115-month sentence imposed.

---

[1] Section 856(a) provides that "it shall be unlawful to—(1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance." The jury acquitted Defendant of being a felon in possession of firearms and possessing a silencer (Counts Two and Three). *See* ECF No. 38 at PageID #: 270-71, 273-74.

## II. Calculation of Advisory U.S.S.G Range and Supervision

### A. U.S.S.G. Calculation

As it should, the Court reviewed the Presentence Investigation Report with counsel and Defendant on the record.[2] The guidelines calculation for a 21 U.S.C. § 856 offense is found in USSG § 2D1.8 which equates the base offense level to "[t]he offense level from § 2D1.1 applicable to the underlying controlled substance offense" with an opportunity for a four-level reduction discussed below. Defendant mistakenly believes he has to have been convicted of a separate drug offense for the calculation pursuant to § 2D1.1 to apply. The language of § 2D1.8 does not support his conclusion. He has offered no other legal authority supporting his position. The possession of drugs with intent to distribute is in and of itself a drug related crime and the advisory guidelines range for that drug crime starts with § 2D1.1.[3] There is ample evidence, including that presented to the jury and that which the Court can consider, in accordance with 18 U.S.C. § 3661 and USSG § 1B1.3 that, on the occasion leading to Defendant's indictment in the

---

[2] Defendant's objections are overruled and preserved. During the sentencing hearing the Court corrected the base offense level to reflect the reduced offense level shown in the November 2014 USSG manual and ordered a revised report, which has been issued. *See* ECF No. 48.

[3] A "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States . . . that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802. The Supreme Court has given a broad reading to "relating to." Additionally, 21 U.S.C. § 856 falls under a law entitled "Anti-Drug Abuse Act," a violation of which carries a mandatory maximum of 20 years.

(4:14CR064)

instant matter, at 111 East Chalmers, cocaine base was present and intended for resale. The quantity of cocaine base—22.4 grams—results in a base offense level of 22. Two levels were added, pursuant to § 2D1.1(b)(12), because a dangerous weapon was possessed.[4] Two additional levels were added because the offense of conviction is maintaining a premises for distributing a controlled substance.[5] The total offense level, therefore, is 26.[6]

Defendant's argument that his offense level should be reduced by four levels in accordance with § 2D1.8(a)(2) is rebuffed by the plain language of that section which states:

> If the defendant had no participation in the underlying controlled substance offense other than allowing use of the premises, the offense level shall be 4 levels less that the offense level from § 2D1.1 [regarding the amount of controlled substances involved.]

The Application Note makes clear that the four-level reduction "does not apply if the defendant had previously allowed any premises to be used as a drug establishment without regard to whether such prior misconduct resulted in a conviction." U.S.S.G. § 2D1.8, n. 1.

---

[4] Although the jury acquitted Defendant of being a felon in possession of firearms and a silencer, the Court, relying on the trial record, 18 U.S.C. § 3661, and USSG § 1.1B3, finds the adjustment appropriate.

[5] At the time of the instant offenses, Defendant claims that he no longer lived at 111 Chalmers. If credited, this encourages the finding that the premises was maintained, perhaps solely, for the purposes of manufacturing or distributing drugs.

[6] In summary, a base offense level of 22 was used due to the 22.4 grams of cocaine base for resale found in the residence, pursuant to § 2D1.1(c)(9). Two (2) levels were added for possession of a dangerous weapon, pursuant to § 2C1.1(b)(1) because several firearms and a silencer were found in the residence. Two (2) additional levels were added for maintaining premises for distributing a controlled substance, pursuant to 2D1.1(b)(12)).

(4:14CR064)

As the revised Pre-Sentence Report summarizes (ECF No. 48 at ¶¶ 33-36), and the police reports attached to the Government's Sentencing Memorandum details (ECF Nos. 42-1 through 42-4), the instant case presents the fifth time since 2010 that police officers have raided 111 East Chalmers and found evidence of drug trafficking. In September, 2010, Youngstown police executed a search warrant at 111 East Chalmers and found guns, drugs, money, drug paraphernalia, ammunition, scales, and five people inside. *See* ECF No. 42-1. In December, 2010, Youngstown police executed a search warrant at 111 East Chalmers and found guns, drugs, money, drug paraphernalia, ammunition, scales, and 14 people. *See* ECF No. 42-2. In March 2011, officers executed another search warrant at 111 East Chalmers and found guns, drugs, money, and drug paraphernalia. Defendant was the only person present at the time. *See* ECF No. 42-3. Then in May, 2011, Youngstown police executed yet another search warrant at 111 E. Chalmers and found drugs, money, drug paraphernalia, scales, Defendant and four (4) other people. *See* ECF No. 42-4.

Defendant was present at three of the raids of 111 East Chalmers, including the last one which led to his indictment. And, although he has tried to distance himself from the residence, the jury, nevertheless, found that Defendant was responsible for maintaining the premises for drug related activity. Because there is substantial evidence that Young "previously allowed [the] premises to be used as a drug establishment," the four-level reduction does not apply. U.S.S.G. § 2D1.8(a)(2).

Additionally, it is not at all insignificant that Defendant was also convicted as an aider and abettor of Count One. This offense reinforces the decision to disallow offense level 24. *See*

4

(4:14CR064)

*Rosemond v. United States*, 134 S.Ct. 1240, 1246 (2014) (the Supreme Court re-iterated "[a]s almost every court of appeals has held, '[a] defendant can be convicted as an aider and abettor without proof that he participated in each and every element of the offense.'"). Additionally, "[i]t is not necessary that one sell contraband in order to aid and abet its distribution." *United States v. Juarez*, 566 F.2d 511, 515 (5th Cir. 1978).

### B. Criminal History

Defendant's criminal history score is 9. Because he was serving a term of state post-release control at the time he committed the instant offense, two (2) points were added, pursuant to § 4A1.1(d), resulting in a score of 11, and placing Defendant in a Criminal History Category of V. The resulting advisory sentencing guidelines range is 110-137 months.

### III. Analysis Required by 18 U.S.C. § 3553(a)

Section 3553(a) states:

(a) Factors to be considered in imposing a sentence.

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

> (1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

> (2) The Need for the Sentence Imposed

>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

5

(4:14CR064)

        (B)  to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the Defendant.

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Below, the Court summarizes its analysis of the sentencing factors required by *Booker* and its progeny and the statutory guidance provided by [18 U.S.C. §3553(a)](), while incorporating the records of the trial and sentencing hearing which provide a better account of the circumstances of the convicted offense and relevant conduct than can be imparted in this confined space. Suffice it to say that the jury found the Government's evidence proved Defendant's guilt as to Count One beyond a reasonable doubt.

Maintaining a drug involved premised is a serious *drug* offense. The seriousness is heightened when it is considered that multiple weapons and a silencer were found within the home. The need to promote respect for the law is reflexively triggered when one ponders that the residence at issue had been searched four times prior to the search leading to federal indictment; and that Defendant was present at three (3) of those searches and illegal drugs for resale were found at each search.

While the Court imposed a sentence of 115 months incarceration, a longer sentence could have been justified. It bears mentioning that while the guidelines calculation resulting in an offense level of 26 is sound, the sentence imposed is also within the guidelines range suggested for an offense level 24. The 115-month sentence is fair and, among all other things, reflects a

6

(4:14CR064)

desire and opportunity for Defendant to improve his condition.  The sentence imposed is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a).

### IV.  Conclusion

For the reasons set forth herein, Defendant is sentenced to a total term of incarceration of 115 months, with a recommendation that he be given credit for time already served in federal custody and serve three (3) years of supervised release.

IT IS SO ORDERED.

| | |
|---|---|
| December 23, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |