PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:14-CR-64 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| DEANGELO YOUNG, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

On December 11, 2014, Defendant Deangelo Young was sentenced to a 115-month term of incarceration for maintaining a drug premises, followed by a three-year term of supervised release, with standard and special conditions of supervision imposed. Defendant was further ordered to pay a $100.00 special assessment.

On February 4, 2016, the Court granted Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 and set the matter for a *de novo* sentencing. ECF No. 60. On April 7, 2016, Defendant was resentenced to a 112-month term of incarceration, a three-year term of supervised release, and a $100.00 special assessment.

Defendant's term of supervised release was scheduled to commence on April 21, 2021.

On or about April 16, 2021, the United States Probation Office ("USPO") submitted a Violation Report to request that the Court modify Defendant's conditions of supervised release to include Residential Reentry Center placement for up to six months. Defendant was scheduled to be released from Oriana House on April 21, 2021, and needed additional time at the Reentry

(4:14-CR-64)

Center to secure adequate housing as he was homeless.  Defendant had executed a PROB 49 Waiver of Hearing to Modify Conditions of Supervised Release on April 14, 2021.  On April 16, 2021, the Court approved the modification request.

On or about December 19, 2022, , the USPO submitted a Supervision Report to update the Court on Defendant's progress while on supervised release:

> The purpose of this report is to update the Court regarding Mr. Young's status while on supervision.  As Your Honor may recall, on June 15, 2022, Mr. Young successfully completed Phase I of the Cleveland STAR Program.  On December 16, 2022, Mr. Young successfully completed Phase II of the Cleveland STAR Program.

The USPO recommended that Defendant continue on supervised release as he was still working towards obtaining his GED.  Once Defendant obtains his GED, the Court would be notified and a request for early termination may be submitted.

On or about February 16, 2024, the USPO submitted a Supervision Report to notify the Court of Defendant's noncompliance with the terms and conditions of his supervised release:

> The purpose of this report is to update the Court regarding Mr. Young's status while on supervision.  Mr. Young is scheduled to terminate from supervision on April 20, 2024. As of this date, Mr. Young has not obtained his GED.  He continues to attend virtual classes with the Ohio Options for Adults Program through the Cuyahoga Community College.  On August 12, 2022, Mr. Young took the practice Language test and scored a 148.  This indicated that Mr. Young was likely to pass the Language portion of his GED. On September 6, 2022, Mr. Young took the Language test portion of his GED and scored a 139.  The score was below passing.  Mr. Young needed to score a 145 in order to pass the Language portion.  On August 25, 2023, Mr. Young took an assessment and scored mid-level range in Mathematics and Reading.  He was not scored in Language.  Mr. Young was scheduled to retake his assessment on February 9, 2024; however, the facilitator rescheduled due to being sick.  He is scheduled to retake his assessment on February 23, 2024, to evaluate his progress in the program and to determine if he is ready to take the GED exam.  His facilitator stated he would receive the results of the assessment within a week.

(4:14-CR-64)

The USPO requested that the Court take no action. Defendant would be reassessed to determine if he had progressed in the GED preparation program. Once those scores were received, the USPO would update the Court. If it was determined Defendant was not ready to take to the GED exam, he would be asked to sign a Modification Waiver extending his term of supervised release for one year. Should Defendant refuse to sign a Modification Waiver, a summons would be requested to address the matter directly with the Court.

On or about March 25, 2024, the USPO submitted a Violation Report to notify the Court of Defendant's violation of the terms and conditions of his supervised release:

1. **General Educational Development (GED):** Mr. Young's term of supervised release is scheduled to terminate on 04/20/2024, and he has not satisfied his GED requirement.

On March 26, 2024, the Court ordered the issuance of a Summons for Defendant to appear before the Court for a Supervised Release Violation Hearing and Sentencing.

On April 25, 2024, the Court conducted a Supervised Release Violation Hearing and Sentencing. Defendant admitted to Violation Number 1, without objection from the Government, and the Court proceeded to pronounce sentence after allocution.

## Sentencing

Among other things, the Court has considered the statutory maximum sentence pursuant to 18 U.S.C. § 3583(e)(3); the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines; and the suggested range of incarceration pursuant to U.S.S.G. § 7B1.4(a). Furthermore, the Court has considered the factors and conditions for sentencing listed in 18 U.S.C. § 3553(a), as delineated by § 3583(e).

3

(4:14-CR-64)

Of importance in this case is 18 U.S.C. § 3553(a)(2)(D), the need for the sentence imposed "to provide the defendant with needed educational or vocational training ... in the most effective manner." When crafting § 3553(a), Congress "granted the principle of rehabilitation [3553(a)(2)(D)] equal status with three other purposes of punishment: retribution, general deterrence, and specific deterrence."[1]

The Sixth Circuit has also articulated the importance of education and vocational training. The Sixth Circuit affirmed a district court's supervision requirement for a defendant to "remain active with the Second Chance program, continue to seek employment, and enroll in the community college," holding that "the court properly based its decision to impose the term of supervised release on the need to provide [defendant] with 'educational or vocational training.'" *United States v. Norvell*, No. 11-3836, 2012 WL 10939203, at *2 (6th Cir. July 9, 2012). Additionally, the Sixth Circuit has recognized the importance of specifically obtaining a GED as it relates to § 3553(a)(2)(D), noting the GED requirement is "a condition that addresses [the defendant]'s rehabilitation … and his recidivist history by helping to ensure his future employability through necessary educational training." *United States v. Banks*, 722 F. App'x 505, 513 (6th Cir. 2018).

---

[1] Erica Zunkel, *18 U.S.C. section 3553(a)'s Undervalued Sentencing Command: Providing a Federal Criminal Defendant with Rehabilitation, Training, and Treatment in 'the Most Effective Manner*, 9 NOTRE DAME J. OF INT'L & COMPARATIVE LAW 49, 56 (2019).

(4:14-CR-64)

Defendant's work towards obtaining his GED is a cornerstone of his rehabilitation. By continuing his education, Defendant will improve his employment opportunities, lower chances of recidivism, and pave the way for a healthier life. According to the US Bureau of Labor and Statistics, 73% of all jobs require at minimum a high school diploma or GED, making it more likely Defendant will find employment after obtaining a GED.[2] Individuals who participate in education programing have a 43% lower chance of returning to prison, lowering Defendant's chance of recidivism.[3] Additionally, Defendant cites health challenges, and people with higher levels of education are more likely to be healthier and live longer.[4] Through education, one can land a better job, one that offers benefits such as health insurance, paid leave, and retirement.[5]

Additionally, considering § 3553(a)(1), the history and characteristics of the defendant, Defendant is the father of six children, and two of them are still attending high school. As

---

[2] Elka Torpey & Audrey Watson, *Education Level and Jobs: Opportunities by State*, U.S. BUREAU OF LABOR AND STATISTICS (September 2014), https://www.bls.gov/careeroutlook/2014/article/education-level-and-jobs.htm.

[3] *Prison Reform: Reducing Recidivism by Strengthening the Federal Bureau of Prisons*, UNITED STATES DEPARTMENT OF JUSTICE (March 6, 2017), https://www.justice.gov/archives/prison-reform

[4] *Education Access and Quality*, US DEPARTMENT OF HEALTH AND HUMAN SERVICES, https://health.gov/healthypeople/objectives-and-data/browse-objectives/education-access-and-quality (last accessed Feb. 2, 2024).

[5] *Why Education Matters to Health: Exploring the Causes*, Center on Society and Health (Feb. 13, 2015), https://societyhealth.vcu.edu/work/the-projects/why-education-matters-to-health-exploring-the-causes.html#gsc.tab=0.

(4:14-CR-64)

Defendant works towards his educational goals, his children will be positively impacted, too. Research shows that a parent's education level has a direct impact on the success of their children.[6] By obtaining his GED, Defendant can influence the economic and educational opportunities of his children.[7] As a father and role model to his children, Defendant completing his GED promotes the importance of education and achievement.

Based upon the Court's review and for the reasons set forth on the record, Defendant's term of supervised release is revoked, and Defendant is sentenced to a term of incarceration of the afternoon of April 25, 2024, with the exact length of time to be determined by the U.S. Marshals Service. Upon release, Defendant shall serve a one-year term of supervised release, with all standard and special conditions of supervision previously ordered remaining imposed, and with the additional condition of Mental Health Treatment imposed. Defendant shall immediately begin attending GED services and pass at least one test within 90 days. If Defendant does not pass a test within 90 days, he may be placed on active GPS location monitoring to allow the Court to assess his time management. Once Defendant passes and

---

[6] *Correlation Between Parents' Education Level and Children's Success*, Lamar University (August 4, 2021), https://degree.lamar.edu/online-programs/undergraduate/bachelor-science/university-studies/parents-education-level-and-childrens-success/#:~:text=The%2.

[7] Clearinghouse Technical Assistance Team, *Parents' Educational Levels Influence on a Child Educational Outcomes: Rapid Literature Review*, Pennsylvania State University (Jan. 6, 2020), https://militaryfamilies.psu.edu/wp-content/uploads/2020/01/Parents-Educational-Levels-Influence-on-Child-Educational-Outcomes.20Jan06.final_.pdf.

(4:14-CR-64)

obtains his GED, the Court will anticipate defense counsel's filing of a motion for early termination of supervised release. Defendant's supervising officer shall provide a report ever 90 days to keep the Court apprised of Defendant's progress, and, of course, seek any additional assistance needed.

     IT IS SO ORDERED.

| | |
|---|---|
|  Ma y 3, 2024 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |